UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TORI DANYALE REESE, JR.,

    Plaintiff,

v.   Case No. 3:19cv3619-LC-HTC

G. BROWN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to comply with an order of the Court directing him to file an amended complaint or notice of voluntary dismissal if he could not, in good faith, cure the deficiencies in his complaint. For the reasons set forth herein, the undersigned recommends Plaintiff's suit be dismissed.

Plaintiff is an inmate of the Florida Department of Corrections currently incarcerated at Santa Rosa Correctional Institution ("SRCI"). On September 30, 2019, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 alleging violations of the Fifth, Eighth and Fourteenth Amendments against two SRCI officers. ECF Doc. 1 at 8. The basis of Plaintiff's complaint arises out of an incident occurring on May 31, 2019, when

Defendants allegedly called him a racial epithet and unnecessarily sprayed him with chemical agents.

Upon review of the complaint, the Court noted several deficiencies, including that Plaintiff had not alleged a more than *de minimis* physical injury and thus could not recover compensatory damages or nominal damages of more than $1.00 on his Eighth Amendment claim; Plaintiff could not maintain a separate claim under the Fifth or Fourteenth Amendments arising out of the excessive use of force; and there is no federal action under the Universal Declaration of Human Rights. *See* ECF Doc. 10. Therefore, on December 30, 2019, the Court issued an order giving Plaintiff thirty (30) days to file an amended complaint, if he could do so in good faith, or, alternatively, file a notice of dismissal. *Id.* Plaintiff was also directed that failure to timely comply with the Court's order could result in a recommendation that this case be dismissed. *Id.* Plaintiff did not file a notice of voluntary dismissal or an amended complaint.

Thus, on February 7, 2020, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be recommended for dismissal for failure to prosecute or comply with an order of the Court. ECF Doc. 11. More than fourteen (14) days have passed and Plaintiff has neither complied with the December 30 Order nor responded to the February 7 Show Cause Order.

Case No. 3:19cv3619-LC-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to prosecute and failure to comply with a Court order and for failure to state a claim.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of March, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.